1   RONALD J. TENPAS
    Assistant Attorney General
2   Environment & Natural Resources Division
    United States Department of Justice

3

4   ELISE S.  FELDMAN
    Environmental Enforcement Section
5   Environment & Natural Resources Division
    United States Department of Justice
6   301 Howard Street, Suite 1050
    San Francisco, CA 94105
7   Telephone:   (415) 744-6470
    Facsimile:   (415) 744-6476
8   E-mail:   Elise.Feldman@usdoj.gov

9   THOMAS P. O'BRIEN
    United States Attorney
10  Central District of California
    1200 U.S. Courthouse
11  312 North Spring Street
    Los Angeles, California 90012
12  Telephone:  (213) 894-2434
    Facsimile:  (213) 894-0141

13  Attorneys for Plaintiff United States of America

14  Additional Counsel Listed on Next Page

15

16                   IN THE UNITED STATES DISTRICT COURT
17                    CENTRAL DISTRICT OF CALIFORNIA
                             WESTERN DIVISION
18

19  _____ )
    UNITED STATES OF AMERICA          )
20  and THE STATE OF CALIFORNIA       )
    DEPARTMENT OF TOXIC               )
21  SUBSTANCES CONTROL                )     CASE NO. 08-05618 ABC (FMOx)
                                      )
22             Plaintiffs,            )
                                      )
23        v.                          )     CONSENT DECREE
                                      )
24  REULAND ELECTRIC COMPANY )
                                      )
25                                    )
                                      )
26             Defendant.             )
                                      )
27  _____ )

28

JS - 6

EDMUND G. BROWN JR.
Attorney General of the State of California
JAMES HUMES
Chief Assistant Attorney General
KEN ALEX
Senior Assistant Attorney General
DONALD A. ROBINSON
Supervising Deputy Attorney General

ANN RUSHTON
California Bar # 62597
Deputy Attorney General
California Department of Justice
300 South Spring Street
Los Angeles, California 90013
Tel:  (213) 897-2608
Fax:  (213) 897-2802
ann.rushton@doj.ca.gov

Attorneys for the California
Department of Toxic Substances Control


SAMUEL I.  GUTTER
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005
Tel:  (202)736-8167
Fax:  ( 202)736-8711
sgutter@Sidley.com

Attorney for Defendant

TABLE OF CONTENTS

Page

I.      BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.     JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.     DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

V.      REIMBURSEMENT OF RESPONSE COSTS . . . . . . . . . . . . . . . . . . . . . 6

VI.     FAILURE TO COMPLY WITH REQUIREMENTS . . . . . . . . . . . . . . . . 8

VII.    COVENANT NOT TO SUE BY PLAINTIFFS . . . . . . . . . . . . . . . . . . .10

VIII.   COVENANT NOT TO SUE BY SETTLING DEFENDANT . . . . . . . . 11

IX.     EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION . . . . . 12

X.      SITE ACCESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

XI.     ACCESS TO INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

XII.    RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

XIII.   NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

XIV.    RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

XV.     INTEGRATION/APPENDICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

XVI.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . . 18

XVII.   EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

XVIII.  SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

XIX.    FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# I.   BACKGROUND

A.      The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of California Department of Toxic Substances Control ("DTSC"), have filed a complaint in this matter pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606 and  9607, and Section 7003 of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6973, seeking performance of response actions and reimbursement of response costs incurred and to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Puente Valley Operable Unit ("PVOU") of the San Gabriel Valley Superfund Site, Area 4, Los Angeles County, California (the "Site").

B.  This Consent Decree provides for the reimbursement of a portion of the United States' Past  Response Costs and a portion of the State DTSC's Past Response Costs at this Site by Reuland Electric Company ("Settling Defendant").

C.  The United States has reviewed the Financial Information submitted by Settling Defendant to determine whether Settling Defendant is financially able to pay response costs incurred and to be incurred at the Site.  Based upon this Financial Information, the United States has determined that Settling Defendant is able to pay the amounts specified in Section V.

D.  By entering into this Consent Decree, Settling Defendant does not admit liability to or arising out of the transactions or occurrences alleged in the Complaint or to any other person related to the Site.

E.  The United States, the State DTSC, and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent

1  Decree is fair, reasonable, and in the public interest.

2          THEREFORE, with the consent of the Parties to this Decree, it is

3  ORDERED, ADJUDGED, AND DECREED:

4                        **II.   JURISDICTION**

5          1.      This Court has jurisdiction over the subject matter of this action

6  pursuant to 28 U.S.C. §§ 1331 and 1345, 42 U.S.C. §§ 6973, 9606, 9607, and

7  9613(b), and also has personal jurisdiction over Settling Defendant.  Settling

8  Defendant consents to and shall not challenge entry of this Consent Decree or this

9  Court's jurisdiction to enter and enforce this Consent Decree.

10                     **III.   PARTIES BOUND**

11         2.      This Consent Decree is binding upon the United States, the State

12  DTSC, and upon Settling Defendant.  Any change in ownership or corporate or

13  other legal status, including but not limited to, any transfer of assets or real or

14  personal property, shall in no way alter the status or responsibilities of Settling

15  Defendant under this Consent Decree.

16                       **IV.   DEFINITIONS**

17         3.      Unless otherwise expressly provided herein, terms used in this

18  Consent Decree which are defined in CERCLA or in regulations promulgated

19  under CERCLA shall have the meaning assigned to them in CERCLA or in such

20  regulations.  Whenever the terms listed below are used in this Consent Decree, the

21  following definitions shall apply:

22              a.      "Basin-wide Response Costs" shall mean costs, including but

23  not limited to direct and indirect costs, including accrued Interest, that the United

24  States has paid for basin-wide (non-operable unit) response actions in connection

25  with the San Gabriel Valley Superfund Sites, Areas 1- 4.

26              b.   "Carrier Consent Decree" shall mean the consent decree entered

27  on April 28, 2006 in the matter of United States v. Carrier Corporation, Civ. Action

28  No. 05-6022 ABC (FMOx)(C.D. Cal.), relevant portions of which are attached

hereto as Appendix A.

c.      "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

d.      "Consent Decree" shall mean this Consent Decree and all appendices attached hereto.

e.      "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day falls on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

f.      "DOJ" shall mean the United States Department of Justice and any successor departments, agencies, or instrumentalities of the United States.

g.      "DTSC" shall mean the State of California Department of Toxic Substances Control  and any successor departments or agencies.

h.      "Effective Date" shall mean the date of entry of this Consent Decree.

i.      "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies, or instrumentalities of the United States.

j.      "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

k.      "ESD" shall mean the Explanation of Significant Differences issued by EPA on June 14, 2005 for the Record of Decision.

l.      "Facility" shall mean the Site.

m.  "Financial Information" shall mean those financial documents identified in Appendix B.

n.      "Future DTSC Response Costs" shall mean all costs, including

1  but not limited to Oversight Costs, direct and indirect costs, and Basin-wide
2  Response Costs allocated to the Site, including Interest, that the State DTSC pays
3  or incurs at or relating to the Site after the date of entry of this Consent Decree,
4  but prior to the later of (i) the date 8 years from the Operational and Functional
5  Date of the Carrier Consent Decree, or (ii) the date of issuance of a final Record
6  Decision for the Site.

7        o.  "Future Response Costs" shall mean all costs, including but not
8  limited to Oversight Costs, direct and indirect costs, and Basin-wide Response
9  Costs allocated to the Site, including Interest, that the United States or any third
10  party pays or incurs at or relating to the Site after the date of entry of this Consent
11  Decree, but prior to the later of (i) the date 8 years from the Operational and
12  Functional Date of the Carrier Consent Decree, or (ii) the date of issuance of a final
13  Record of Decision for the Site.

14        p.  "Interest" shall mean interest at the applicable rate specified for
15  interest on investments of the Hazardous Substance Superfund established by
16  26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance
17  with 42 U.S.C. § 9607(a).

18        q.  "Oversight Costs" shall mean all direct and indirect costs,
19  including Interest, that the United States or the DTSC incurs in connection with
20  monitoring and supervising performance of the Response Work by other persons.

21        r.  "Paragraph" shall mean a portion of this Consent Decree
22  identified by an arabic numeral or an upper or lower case letter.

23        s.  "Parties" shall mean the United States, the State DTSC, and the
24  Settling Defendant.

25        t.  "Past DTSC Response Costs" shall mean all costs, including but
26  not limited to Oversight Costs, direct and indirect costs, and Basin-wide Response
27  Costs allocated to the Site, including Interest, that the State DTSC has paid or
28  incurred at or relating to the Site through and including the date of entry of this

1    Consent Decree.

2    u.    "Past Response Costs" shall mean all costs, including but not

3    limited to Oversight Costs, direct and indirect costs, and Basin-wide Response

4    Costs allocated to the Site, including Interest, that the United States or any third

5    party has paid or incurred at or relating to the Site through and including the date

6    of entry of this Consent Decree.

7    v.    "Plaintiffs" shall mean the United States and the State of

8    California Department of Toxic Substances Control.

9    w.    "Record of Decision" or "ROD" shall mean the September 30,

10    1998 EPA Interim Record of Decision for the Puente Valley Operable Unit (Area

11    4) of the San Gabriel Valley Superfund Sites, Areas 1-4.

12    x.    "Response Work" shall mean the design and implementation of

13    any remedial measures, including the operation and maintenance thereof,

14    encompassed within the Record of Decision as modified by the ESD.

15    y.    "Section" shall mean a portion of this Consent Decree identified

16    by a Roman numeral.

17    z.    "Settling Defendant" shall mean Reuland Electric Company.

18    aa.    "Site" shall mean the facility, which consists of an area of

19    groundwater contamination in Los Angeles County, California, located in the

20    geographic area designated on the National Priorities List as the San Gabriel

21    Valley Superfund Site, Area 4 [see 49 Fed. Reg. 19480 (1984)], and identified as

22    the Puente Valley Operable Unit.

23    bb.    "State" shall mean the State of California.

24    cc.    "United States" shall mean the United States of America,

25    including its departments, agencies and instrumentalities.

26    **V.    REIMBURSEMENT OF RESPONSE COSTS**

27    4.    <u>Payments to the EPA Hazardous Substance Superfund and to the State</u>

28    <u>DTSC</u>.  Settling Defendant shall pay to the EPA Hazardous Substance Superfund

the amount of two hundred forty-six thousand dollars ($246,000) in reimbursement of Past Response Costs and pay to the State DTSC four thousand dollars ($4,000) in reimbursement of Past DTSC Response Costs.  Payment shall be made as follows:

a.      Settling Defendant shall, within thirty (30) Days after entry of this Consent Decree, remit the principal of two hundred forty-six thousand dollars ($246,000) to the United States.  Payment to the United States shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with current EFT procedures, referencing the USAO File Number, EPA Region IX, the Site/Spill ID Number 09-8V, and DOJ Case Number 90-11-2-354/26.  Payment shall be made in accordance with instructions provided to the Settling Defendant by the Financial Litigation Unit of the United States Attorney's Office for the Central District of California following lodging of the Consent Decree.  Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business Day.  Settling Defendant shall send notice to the EPA and the DOJ that payment has been made in accordance with Section XIII (Notices and Submissions) and to David Wood, PMD-6, Section Chief, U.S. EPA, Region IX, 75 Hawthorne Street, San Francisco, California 94105.

b.      The two hundred forty-six thousand dollars ($246,000) paid by Settling Defendant to the United States shall be deposited in the "San Gabriel Valley Superfund Sites, Area 4, Special Account" within the EPA Hazardous Substance Superfund.  This Special Account shall be retained and used to conduct or finance response actions at or in connection with the Site or the San Gabriel Valley Superfund Sites (Areas 1- 4), or may be transferred by the EPA from this Special Account to the EPA Hazardous Substance Superfund.

c.      Settling Defendant shall, within thirty (30) Days after entry of this Consent Decree, remit the principal of four thousand dollars ($4,000) to the State

-7-

DTSC.  Payment to the State DTSC shall be made by certified check or cashier's check, made payable to "Cashier of the Department of Toxic Substances Control," Department of Toxic Substances Control, State of California, Accounting Office, 1001 I Street, Sacramento, California 95812.  Settling Defendant shall send a transmittal letter with the check, referencing the San Gabriel Superfund Sites, Area 4 (Puente Valley Operable Unit), Project Code No. 300346.  Settling Defendant also shall send notice, including a copy of the check and transmittal letter, to the State DTSC as provided in Section XIII (Notices and Submissions).

## VI.   FAILURE TO COMPLY WITH REQUIREMENTS

5.   <u>Interest on Late Payments</u>.  In the event that any payment required under Section V (Reimbursement of Response Costs) or Section VI, Paragraph 6 (Stipulated Penalties) is not received when due, Interest shall continue to accrue on the unpaid balance through the date of payment.  Settling Defendant shall be liable for any such Interest pertaining to the payments required under Section V, paragraphs 4. a. and c. (Reimbursement of Response Costs).

6.   <u>Stipulated Penalties</u>.

a.   Settling Defendant shall be liable for stipulated penalties for late payments under Section V, paragraphs 4. a. and c. (Reimbursement of Response Costs) and for the Interest on late payments for Section V, paragraphs 4. a. and c. as required under Section VI, Paragraph 5.  The stipulated penalties shall be in the following amounts per violation per Day that any such payment is late:

| Penalty Per Violation Per Day | Period of Noncompliance |
| --- | --- |
| $500 | 1st through 14th Day |
| $1500 | 15th through 30th Day |
| $2500 | 31st Day and beyond |

Each of the payments required under Section V (Reimbursement of Response Costs) shall be considered a separate violation for  purposes of calculating stipulated penalties under this provision.

b.      Settling Defendant shall be liable for stipulated penalties in the amount of $1500 per Day per violation of the provisions contained in Sections XI (Access To Information), and XII (Retention of Records).

7.      All Interest and penalties set forth under this Section shall begin to accrue on the Day a violation occurs, and shall continue to accrue through the final Day of the correction of the noncompliance.  Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

8.      Interest and stipulated penalties shall accrue as provided in Paragraphs 5 and 6, regardless of whether EPA or DTSC has notified Settling Defendant of the violation or made a demand for payment, but need be paid only upon demand.

9.      Interest and stipulated penalties set forth under this Section shall be due and payable within 30 Days of the date of demand for payment.  All payments to the United States under this Paragraph shall be made by certified or cashier's check made payable to the "EPA Hazardous Substances Superfund," shall be forwarded to the U.S. EPA, Region IX, Superfund Accounting, P.O. Box 360863M, Pittsburgh, PA 15251, shall indicate that payment is for Interest and/or stipulated penalties, and shall reference EPA Region IX, the Site/Spill Identification Numbers 09-8V, the USAO File Number, the DOJ Case Number 90-11-2-354/26, and the name and address of the party making payment.  Copies of check(s) paid pursuant to this Paragraph, and any accompanying transmittal letter(s), shall be forwarded to the DOJ and the EPA as provided in Section XIII (Notices and Submissions), and to David Wood, PMD-6, Section Chief, U.S. EPA Region IX, 75 Hawthorne Street, San Francisco, California 94105.  Payment to the State DTSC under this Paragraph shall be made by certified check or cashier's check, made payable to "Cashier of the Department of Toxic Substances Control," and shall be forwarded to the Department of Toxic Substances Control, State of California, Accounting Office, 1001 I Street, Sacramento, California 95812.

1    Settling Defendant shall send a transmittal letter with the check, referencing the

2    San Gabriel Superfund Sites, Area 4 (Puente Valley Operable Unit), Project Code

3    No. 300346.  Settling Defendant also shall send notice, including a copy of the

4    check and transmittal letter, to the State DTSC as provided in Section XIII (Notices

5    and Submissions).

6           10.    Notwithstanding any other provision of this Section, the United States

7    and/or the State DTSC may, in its unreviewable discretion, waive any portion of

8    Interest or stipulated penalties that have accrued pursuant to this Consent Decree.

9           11.    Payments made under Paragraphs 5 through 9 shall be in addition to

10   any other remedies or sanctions available to Plaintiffs by virtue of Settling

11   Defendant's failure to comply with the requirements of this Consent Decree.

12          12.    If the United States and/or the State DTSC brings an action against

13   any Settling Defendant to enforce this Consent Decree, Settling Defendant shall

14   reimburse the United States and/or the State DTSC for all costs of such action,

15   including but not limited to costs of attorney time.

16                 **VII.   COVENANT NOT TO SUE BY PLAINTIFFS**

17          13.    <u>Covenant Not to Sue</u>.  Except as specifically provided in Paragraph 14

18   (Reservation of Rights),  Plaintiffs covenant not to sue or to take administrative

19   action against Settling Defendant for performance of Response Work, Past

20   Response Costs, Future Response Costs, Past DTSC Response Costs, and Future

21   DTSC Response Costs, pursuant to Section 7003 of RCRA, 42 U.S.C. § 6973, or

22   Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a).  This

23   covenant shall take effect upon receipt by Plaintiffs of the payments set forth in

24   Paragraph 4.  This covenant is conditioned upon Settling Defendant's satisfactory

25   performance of its obligations under this Consent Decree.  This covenant not to sue

26   is also conditioned upon the veracity and completeness of the Financial

27   Information provided to EPA by Settling Defendant.  If the Financial Information

28   is subsequently determined by EPA to be false or, in any material respect,

                                        -10-

inaccurate, Settling Defendant shall forfeit all payments made pursuant to this Consent Decree and this covenant not to sue and the contribution protection in Paragraph 19 shall be null and void.  Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the Plaintiffs' right to pursue any other causes of action arising from Settling Defendant's false or materially inaccurate information.   This covenant extends only to Settling Defendant and does not extend to any other person.

14.   Reservation of Rights.  The covenant not to sue set forth in Paragraph 13 does not pertain to any matters other than those expressly specified therein. The Plaintiffs reserve, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to other matters, including but not limited to:

a.   liability for failure by Settling Defendant to meet a requirement of this Consent Decree;

b.   liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

c.   criminal liability; and

d.   liability for response actions and response costs incurred or to be incurred by the United States and/or DTSC not covered as "matters addressed" as set forth in Paragraph 19 of this Consent Decree, including but not limited to liability for any response actions and response costs at the Site that occur after the later of (i) the date 8 years from the Operational and Functional Date of the Carrier Consent Decree, or (ii) the date of issuance of a final Record of Decision for the Site.

15.   Notwithstanding any other provision of this Consent Decree, Plaintiffs reserve, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if the Financial Information provided by Settling Defendant, or the financial certification made by Settling Defendant in

Paragraph 29, is false or, in an material respect, inaccurate.

## VIII.   COVENANT NOT TO SUE BY SETTLING DEFENDANT

16.   Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against Plaintiffs or their contractors or employees with respect to Response Work, Past Response Costs, Future Response Costs, Past DTSC Response Costs, and Future DTSC Response Costs,  as set forth in this Consent Decree, including but not limited to:

a.   any direct or indirect claims for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.   any claims arising out of costs or response actions at or in connection with the Site, including any claim under the United States Constitution, the California Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; and

c.   any claims against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, related to the Site.

17.   Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or  40 C.F.R. § 300.700(d).

## IX.   EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

18.   Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

19.   The Parties agree that in consideration of the payment made by

1  Settling Defendant and the execution of this Consent Decree, Settling Defendant

2  has resolved its liability to Plaintiffs and is entitled to protection from contribution

3  actions or claims as provided by Section 113(f)(2) of CERCLA,

4  42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree,

5  conditioned only upon entry of this Consent Decree.  The "matters addressed" in

6  this Consent Decree are:  Response Work; Past Response Costs; Future Response

7  Costs; Past DTSC Response Costs; and Future DTSC Response Costs.  The

8  "matters addressed" exclude those response actions and response costs to which

9  Plaintiffs have reserved their rights under this Consent Decree.

10         20.     Settling Defendant agrees that, with respect to any suit or claim for

11  contribution brought by it for matters related to this Consent Decree, it will notify

12  the DOJ, the EPA, and the State DTSC in writing not later than sixty (60) Days

13  prior to the initiation of such suit or claim.  Settling Defendant also agrees that,

14  with respect to any suit or claim for contribution brought against it for matters

15  related to this Consent Decree, it will notify the DOJ, EPA, and the State DTSC in

16  writing within ten (10) Days of service of the complaint or claims upon it.  In

17  addition, Settling Defendant shall notify the DOJ, EPA, and the State DTSC within

18  ten (10) Days of service or receipt of any motion for summary judgment or any

19  order from a court setting a case for trial, for matters related to this Consent

20  Decree.

21         21.     In any subsequent administrative or judicial proceeding initiated by

22  the United States or the State of California for injunctive relief, recovery of

23  response costs, or other relief relating to the Site, Settling Defendant shall not

24  assert, and may not maintain, any defense or claims based upon the principles of

25  waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other

26  defenses based upon any contention that the claims raised by the United States or

27  the State of California in the subsequent proceeding were or should have been

28  brought in the instant case; provided, however, that nothing in this Paragraph

affects the enforceability of the Covenant Not to Sue by Plaintiffs set forth in Section VII.

## X.   SITE ACCESS

22.     Commencing upon the date of lodging of this Consent Decree, Settling Defendant agrees to provide the United States and the State of California and their representatives, including the EPA, the DTSC, and the Los Angeles Regional Water Quality Control Board, and their contractors, access at all reasonable times to the property within the Site owned or controlled by Settling Defendant to which access is determined by the EPA or the State of California to be required for the implementation of this Consent Decree, or for the purpose of conducting any response activity related to the Site, including but not limited to:

a.     Monitoring of investigation, removal, remedial or other activities at the Site;

b.     Verifying any data or information submitted to the United States or to the State of California;

c.     Conducting investigations relating to contamination at or near the Site;

d.     Obtaining samples;

e.     Assessing the need for, planning, or implementing response actions at or near the Site; and

f.     Inspecting and copying records, operating logs, contracts, or other documents maintained or generated by Settling Defendant or its agents, consistent with Section XI (Access to Information).

23.     Notwithstanding any provision of this Consent Decree, the United States and the State of California retain all of their access authorities and rights, including enforcement authorities related thereto, under CERCLA, the Resource Conservation and Recovery Act, 42 U.S.C. § 6927, and any other applicable statutes or regulations.

-14-

# XI.   ACCESS TO INFORMATION

24.   Settling Defendant shall provide to Plaintiffs, upon request, copies of all documents and information within its possession or control or that of its contractors or agents relating in any manner to response actions taken at the Site or the liability of any person for response actions conducted and to be conducted at the Site, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

25.   <u>Confidential Business Information and Privileged Documents</u>.

a.   Settling Defendant may assert business confidentiality claims covering part or all of the documents or information submitted to Plaintiffs under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Documents or information determined to be confidential by Plaintiffs will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B.  If no claim of confidentiality accompanies documents or information when they are submitted to the Plaintiffs, or if Plaintiffs have notified Settling Defendant that the documents or information are not confidential under the standards of Section 104(e)(7) of CERCLA, the public may be given access to such documents or information without further notice to Settling Defendant.

b.   Settling Defendant may assert that certain documents, records or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Settling Defendant asserts such a privilege in lieu of providing documents, it shall provide Plaintiffs with the following: 1) the title of the document, record, or information; 2) the date of the document, record, or information; 3) the name and title of the author of the document, record, or information; 4) the name and title of each addressee and recipient; 5) a description of the subject of the document, record or information; and 6) the

privilege asserted.  However, no documents, reports, or other information created

or generated pursuant to the requirements of this or any other consent decree with

Plaintiffs shall be withheld on the grounds that they are privileged.  If a claim of

privilege applies only to a portion of a document, the document shall be provided

to Plaintiffs in redacted form to mask the privileged information only.  Settling

Defendant shall retain all records and documents that it claims to be privileged

until Plaintiffs have had a reasonable opportunity to dispute the privilege claim and

any such dispute has been resolved in the Settling Defendant's favor.

26.    No claim of confidentiality shall be made with respect to any data,

including but not limited to, all sampling, analytical, monitoring, hydrogeologic,

scientific, chemical, or engineering data, or any other documents or information

evidencing conditions at or around the Site.

## XII.   RETENTION OF RECORDS

27.    Until ten (10) years after the entry of this Consent Decree, Settling

Defendant shall preserve and retain all records and documents now in its

possession or control, or which come into its possession or control thereafter, that

relate in any manner to response actions taken at the Site or the liability of any

person for response actions conducted and to be conducted at the Site, regardless of

any corporate retention policy to the contrary.  After five (5) years, Settling

Defendant may contact the EPA in writing to request instructions as to whether

such records and documents shall be maintained for the remaining five (5) year

retention period, or whether such records and documents may be discarded.  No

retained records or documents shall be disposed of prior to the ten (10) year

retention period, unless Settling Defendant receives instructions from the EPA

specifically permitting Settling Defendant to dispose of such records and

documents.

28.    After the conclusion of the ten (10) year document retention period in

the preceding Paragraph, Settling Defendant shall notify the EPA and the DOJ at

least ninety (90) Days prior to the destruction of any such records or documents, and, upon request by the EPA or the DOJ, Settling Defendant shall deliver any such records or documents to EPA subject to the same privilege provisions set forth in Section XI (Access To Information).

29.     Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has:

a.  not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or other information relating to its potential liability regarding the Site since notification of potential liability by the United States or DTSC or the filing of suit against it regarding the Site, and that it has fully complied with any and all EPA and DTSC requests for information regarding the Site and Settling Defendant's financial circumstances pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927; and

b.  submitted to EPA Financial Information that fairly, accurately, and materially sets forth its financial circumstances, and that those circumstances have not materially changed between the time the Financial Information was submitted to EPA and the time Settling Defendant executes this Consent Decree.

## XIII.   NOTICES AND SUBMISSIONS

30.     Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be forwarded by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States (the DOJ and the EPA), the State of California DTSC, and Settling Defendant, respectively.

As to the United States:

As to DOJ:

Bruce S. Gelber
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-2-354/26)
P.O. Box 7611
Washington, D.C.  20044-7611

Elise S.  Feldman
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
301 Howard Street, Suite 1050
San Francisco, CA 94105

As to EPA:

Dustin Minor (ORC-3)
Senior Counsel
U.S. Environmental Protection Agency, Region IX
75 Hawthorne Street
San Francisco, California  94105

As to the State of California Department of Toxic Substances Control:

Ann Rushton
Deputy Attorney General, Environment Section
California Department of Justice
300 South Spring Street
Los Angeles, California  90013

Jacalyn Spiszman
Project Manager, Site Mitigation Branch
Department of Toxic Substances Control, Region 3
5796 Corporate Avenue
Cypress, California  90630

As to Settling Defendant:

Samuel I.  Gutter
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005

Settling Defendant may change the identity or contact information for its

agent at any time by written notice to the Court and to the Plaintiffs.

## XIV.   RETENTION OF JURISDICTION

-18-

31.     This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XV.   INTEGRATION/APPENDICES

32.     This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.  The following appendices are attached to and incorporated into this Consent Decree: "Appendix A" is the relevant portion of the Carrier Consent Decree; and "Appendix B" is a list of the financial documents submitted to EPA by Settling Defendant.

## XVI.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

33.     This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) Days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.  Settling Defendant consents to the entry of this Consent Decree without further notice.

34.     If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVII.   EFFECTIVE DATE

35.     The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

## XVIII.   SIGNATORIES/SERVICE

36.     Each undersigned representative of Settling Defendant, the Assistant Attorney General for the Environment and Natural Resources Division of the

United States Department of Justice, and together for the State of California, the Deputy Attorney General and the Chief of Operations, Southern California Cleanup Operations Branch Cypress Office, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

37.     Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

38.     Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.  If no agent is specified, the attorney for Settling Defendant listed at the beginning of this document shall be deemed to be the agent authorized to accept service at the address listed.  Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.

## XIX.   FINAL JUDGMENT

39.     Upon approval and entry of this Consent Decree by this Court, this Consent Decree shall constitute a final judgment between and among the United

States, the State of California DTSC, and Settling Defendant.  The Court finds that there is no just reason for delay and therefore enters this judgment as the final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS  24  DAY OF October, 2008.

_____
AUDREY B. COLLINS
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3

      THE UNDERSIGNED PARTY enters into this Consent Decree, relating to the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente Valley Operable Unit.

4
5
6

                                  FOR THE UNITED STATES OF AMERICA

7
8
9
10
11
12

Dated:_____

_____
RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

13
14
15
16
17
18
19

Dated: _____

_____
ELISE S.  FELDMAN
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, CA 94105
Telephone: (415) 744-6470
Telecopier: (415) 744-6476

20
21
22
23
24
25
26
27
28

Dated: _____

_____

KEITH TAKATA
Director
Superfund Division
U.S. Environmental Protection Agency
Region 9
75 Hawthorne Street
San Francisco, CA 94105

Dated: _____      _____
DUSTIN MINOR
Senior Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency
Region 9
75 Hawthorne Street
San Francisco, CA 94105

1    THE UNDERSIGNED PARTY enters into this Consent Decree, relating to
2    the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente
3    Valley Operable Unit.

4
5                                        FOR THE STATE OF CALIFORNIA
                                         DEPARTMENT OF TOXIC
6                                        SUBSTANCES CONTROL
7
8    Dated: _____      _____
9                          THOMAS COTA
                           Chief, Southern California
10                         Cleanup Operations Branch
                           Cypress Office
11                         5796 Corporate Avenue
                           Cypress, CA 90630
12
13
14
15
16   Dated: _____      _____
                           ANN RUSHTON
17                         Deputy Attorney General
                           Environment Section
18                         California Department of Justice
                           300 South Spring Street
19                         Los Angeles, California  90013
20
21
22
23
24
25
26
27
28

THE UNDERSIGNED PARTY enters into this Consent Decree, relating to the San Gabriel Valley Superfund Site, Area 4, and further identified as the Puente Valley Operable Unit.

FOR REULAND ELECTRIC COMPANY

Dated: _____

_____
SAMUEL I.  GUTTER
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005
Tel:  (202)736-8167
Fax:  ( 202)736-8711
sgutter@Sidley.com

Agent authorized to receive service of process pursuant to Paragraph 37:

_____

_____

_____

_____

_____

_____

_____

-26-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**APPENDIX A**

**RELEVANT PORTIONS OF THE CARRIER CONSENT DECREE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**APPENDIX B**

**FINANCIAL INFORMATION**